UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ADAM DAVID LEE, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>RIVERVIEW PSYCHIATRIC )<br>CENTER, )<br>)<br>Respondent ) | 1:22-cv-00258-JAW |

**RECOMMENDED DECISION AFTER PRELIMINARY
REVIEW OF PETITION FOR WRIT OF HABEAS CORPUS**

Plaintiff, who is evidently awaiting trial on state court matters, seeks habeas relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." After a review in accordance with Rule 4, I recommend the Court dismiss the matter.

**FACTUAL BACKGROUND**

Petitioner alleges he is a resident of the Riverview Psychiatric Hospital awaiting trial on state court charges in multiple counties. He contends that in part because he is a resident of the hospital, he is deprived of his right to a speedy trial. (Petition at 6.) He also asserts he is innocent of the charges. (*Id*. at 8.) He asks the Court to transfer him from the hospital to permit him to address his pending criminal charges. (*Id*. at 15-16.)

As part of the preliminary review of the petition, the Court directed the State, through the Office of the Maine Attorney General, to file the docket sheets for Petitioner's state court charges. (Order, ECF No. 4.) The docket sheets reflect that as to at least some of the charges, in September 2022, a competency hearing was conducted, and Petitioner was found to be competent to stand trial. (Docket Sheet, ECF No. 5, PageID #: 30, PageID #: 36, PageID #: 42.) Based on a recent communication from the State, Petitioner is evidently no longer a resident of Riverview Psychiatric Hospital. (Notice, ECF No. 6.)

## DISCUSSION

Preliminarily, given that Petitioner asks the Court to transfer him from the hospital and given that Petitioner is evidently no longer a resident of the hospital, Petitioner's request for habeas relief would be moot.

Even if the request were not moot, because Petitioner seeks to assert a habeas corpus petition to secure his release from or transfer while in pretrial detention, *Younger v. Harris*, 401 U.S. 37 (1971), mandates abstention from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings. *See In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Under *Younger*, federal courts must abstain from interfering in state court proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43 – 44.

The elements of mandatory abstention consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990).  The criminal proceedings described in Petitioner's filing are judicial in nature, implicate important state interests associated with the State's administration of its laws, afford Petitioner adequate opportunity to challenge the charges on any constitutional ground he can identify, and allow Petitioner to advocate for pretrial release or transfer on the same grounds he would advance in this Court.  Abstention, therefore, is presumptively appropriate.  Indeed, "[c]ourts have consistently applied the *Younger* doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances." *Enwonwu v. Mass. Superior Court, Fall River*, No. 1:12-cv-10703, 2012 WL 1802056, at *3 n. 7 (D. Mass. May 16, 2012).  In this case, Petitioner has not alleged any facts that would constitute the extraordinary circumstances necessary to overcome the presumption for abstention.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases.  I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases

because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of October, 2022.